**Alma GIANNINI, Plaintiff,**

v.

**P.O. Frank CUELLIS, et al., Defendants.**

**No. 83 Civ. 6773 (JES).**

United States District Court, S.D. New York.

March 15, 1985.

**1.** *Giannini v. Lissio,* 84 Civ. 8415 (JES), was consolidated with this action by Order dated

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff pro se, Alma Giannini, has sued defendants [1] pursuant to 42 U.S.C. § 1983, alleging that they violated her constitutional rights in the course of a search and seizure and arrest of plaintiff in August 1980, and by giving false testimony before a grand jury and at plaintiff's subsequent criminal trial. Plaintiff was incarcerated at Bayview Correctional Facility, apparently until December 20, 1984, at which time she was transferred to Bedford Hills Correctional Facility, her present location.

Defendant Frank Cuellis filed a motion to dismiss the complaint on January 16, 1984. Plaintiff was to file a responsive memorandum by May 14, 1984. *See* Order (March 14, 1984). Plaintiff never filed her response, and by Order dated October 18, 1984 the Court directed that plaintiff file a response to the motion by November 19, 1984, or the Court would grant the motion by default.

On November 1, 1984 the Court received a letter from plaintiff, dated October 26, 1984, in which she stated that she was unable to meet the November deadline. She said that she had applied for a temporary release program and had sent all her legal materials home months ago in anticipation of being released from prison. She was not accepted for the release program, however, and said that she was appealing that decision, and would have a hearing on her appeal sometime in February 1985. She asked for an extension of time until after that appeal hearing, although the reason why she would then be able to respond to the motion was unclear.

November 29, 1984.

Because plaintiff is appearing pro se, the Court granted her the requested extension, and provided by Order dated November 8, 1984 that plaintiff should file her response brief by March 15, 1985. The Court also ordered that if she failed to meet this extended filing date the Court would grant defendant's motion by default, and that plaintiff would be granted no further extensions of time for filing her motion papers.

On November 11, 1984 the Court received another letter, dated November 9, 1984, and apparently written before plaintiff received the Court's November 8, 1984 Order, in which plaintiff stated that she had in fact mailed a response brief but that it was lost in the mail and she had lost her copy as well. She said that when she tried to rewrite the brief on November 8, she was ordered to go work at her job as "administrative law clerk" in the prison law library, and couldn't work on her memorandum. She indicated however, that she would try to respond by November 14. The Court has received no memorandum from plaintiff.

Since that time, however, the Court has received numerous letters from plaintiff relating her many difficulties in preparing a responsive memorandum. Among other things, she has catalogued various medical ailments and states that she is unable to work on her brief because she is physically unable to walk up the hill to the law library at Bedford Hills Correctional Facility.[2] She also claims that her cell has been "raided," that some of her legal materials have been confiscated or lost, that she is locked in her cell until 3:30 P.M. each day and has no room in her cell to work, that she has been denied access to the law library, that the weather prevents her from getting to the library, and that the law library does not contain all the materials she needs. These letters have repeatedly indicated

that she might not be able to meet the March 15, 1985 deadline. Her most recent request for an extension states that she needs until June 1985 to file her response, because on April 15, 1985 she expects to be released from prison on an early release program, and she wants to work on her memorandum after her anticipated release.

■ Given that plaintiff has not been able to file a response in the fourteen months since defendant filed the motion to dismiss, it seems unlikely that she will do so by June. Indeed, it is clear to this Court that there is no reasonable basis for believing that plaintiff will be able to meet any new deadline the Court might set for the filing of a responsive memorandum. The Court has already granted plaintiff long extensions of time to file her brief, and indicated in its Order of November 8, 1984 that no further extensions would be granted. Therefore, plaintiff's request for yet more time is denied.

■ In light of plaintiff's many problems which have been brought to the Court's attention, however, the Court will not grant defendant's motion by default, but will relieve plaintiff of having to file a response brief and will consider the motion on the merits on the basis of defendant's motion papers, filed in January 1984.

It is SO ORDERED.

---

2. Plaintiff states, *inter alia,* that she weighs three hundred pounds, has difficulty walking because one leg is shorter than the other, has a bad knee, has "foot problems," apparently walks with a cane, is sometimes confined to a wheel chair, is asthmatic, has blood pressure problems, and may be diabetic.